IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM E. GERDES, | ) | 4:08CV3246 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL CHERTOFF, | ) | |
| SECRETARY, DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, William E. Gerdes, is employed by the Department of Homeland Security in Lincoln, Nebraska. On October 27, 2000, Gerdes and the agency's predecessor, the Immigration and Naturalization Service, entered into a settlement agreement concerning a discrimination complaint filed with the Equal Employment Opportunity Commission. Gerdes alleges in his 4-count district court complaint that the agency thereafter (1) subjected him to unlawful retaliation in violation of the Civil Service Reform Act; (2) breached the settlement agreement by failing to hire him for two positions and by failing to reclassify him to a higher pay grade; (3) discriminated and retaliated against him in violation of 42 U.S.C. § 1981(a); and (4) violated his rights under the Equal Protection Clause. The agency has moved to dismiss the final three claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons discussed below, the motion will be granted.

## *Count 2 – Breach of Settlement Agreement*

The settlement agreement required INS to retroactively promote Gerdes to GS-12/1 as of March 14, 1999, to provide him the opportunity to attend alternative

dispute resolution classes, and "[t]o consider, in good faith, the Complainant for any job positions for which he may apply and for which he may qualify." (Filing no. 1-2, p. 2, ¶ 2.) The agreement also provided that "[i]n the event the Agency breaches any of its obligations under this settlement agreement, the Complainant may re-file his complaint without prejudice or seek enforcement of the agreement by the EEOC or its representative." (Filing no. 1-2, p. 2, ¶ 6.)

Gerdes claims that the agency failed to give good faith consideration to his applications for two job openings, and refused to reclassify him based on supervisory duties that he was performing. The agency argues that (1) the facts alleged do not establish a breach of the settlement agreement, (2) Gerdes failed to exhaust his administrative remedies, (3) compensatory damages cannot be recovered, and (4) the court does not have subject matter jurisdiction to enforce a settlement agreement regarding Title VII claims between a federal agency and a federal employee. The jurisdictional issue will be considered first.

> As another district court stated recently, "[c]ourts around the country have split over whether federal courts have jurisdiction over lawsuits alleging that the government breached settlement agreements disposing of Title VII claims." *Berry v. Gutierrez,* No. 1:08cv459, 2008 WL 4997509, at \*11 [587 F.Supp.2d 717, 727] (E.D.Va. Nov.14, 2008). Both the Fourth and Tenth Circuits have answered this question in the negative. *See Lindstrom v. United States,* 510 F.3d 1191, 1194-95 (10th Cir.2007); *Frahm v. United States,* 492 F.3d 258, (4th Cir.2007). *See also Curry v. Nicholson,* No. CV-06-1578, 2008 WL 2001267, at \*3 (D.Ariz. May 7, 2008) (district court lacks subject matter jurisdiction over plaintiff's claim for breach of settlement agreement against federal employer).
>
> These courts reason that the statutory waiver of immunity in Title VII for discrimination suits against the federal government does not extend to a suit against the government for breach of a settlement agreement settling such claims. *Lindstrom,* 510 F.3d at 1194-95;

*Frahm*, 492 F.3d at 262-63. These courts further note that the EEOC has set forth in its regulations specific procedures for plaintiffs to follow when they believe such settlement agreements have been breached, *see* 29 C.F.R. § 1614.504(a), and those regulations do "not authorize a suit to enforce the settlement agreement but rather only the reinstatement of the original discrimination complaint." *Lindstrom*, 510 F.3d at 1194.

Further, in the context of private settlement agreements, the Supreme Court has held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Courts cite this holding as further support for the conclusion that federal jurisdiction to enforce a settlement agreement may not be found "implicitly" in Title VII. *See Berry,* 2008 WL 4997509 at *11.

In contrast, "[o]ther courts have decided that the structure of the EEOC regulations regarding administrative appeals implicitly authorizes district court jurisdiction" over breach of settlement claims. *Id.* (citing two district court cases so holding).[1]

*Petrie v. Secretary, Dept. of Veterans Affairs*, No. 2:06cv01031 (WOB), 2009 WL 366628, at *1-2 (S.D.Ohio Feb. 11, 2009) (finding no subject matter jurisdiction).

The Eighth Circuit has not directly addressed the jurisdictional issue, but recently ruled that "[a] plaintiff alleging that the government failed to comply with

---

[1] *Munoz v. England*, 557 F.Supp.2d 1145, 1157-61 (D.Haw. 2008) (finding a right to file suit based on the regulatory structure of 29 C.F.R. § 1614, Subpart D, where EEOC previously determined there was no breach of settlement agreement); *Kraft v. Johanns*, No. 1:04-cv-084, 2007 WL 2212890, at *11-12 (D.N.D. July 31, 2007) ("Based on the jurisdiction-conferring provisions of Title VII and the ADEA, it stands to reason that federal district courts have the authority to enforce 'pre-decision' settlement agreements involving federal agencies, at least to the same extent as the EEOC, . . ..") (footnote omitted).

3

the terms of a Title VII Negotiated Settlement Agreement can 'request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated.'" *Harris v. Brownlee*, 477 F.3d 1043, 1047 (8th Cir. 2007) (quoting 29 C.F.R. § 1614.504(a)). "In making this observation and sustaining the decision of the district court on the merits, the court did not question its jurisdiction to hear the appeal even after it cited for other purposes its decision in *Gilbert v. Monsanto Co.*, 216 F.3d 695 (8th Cir. 2000), in which the court had addressed the issue of jurisdiction with respect to a claim for enforcement of a settlement agreement in a different context." [2] *Kraft*, 2007 WL 2212890, at *15. Even so, *Harris* should not be read as implicitly holding that subject matter jurisdiction exists in this type of case. *See United States v. Lovelace*, 565 F.3d 1080, 1085 (8th Cir. 2009) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (quoting *Webster v. Fall*, 266 U.S. 507, 511(1925)).

---

[2] As was the case in *Munoz*, the plaintiff in *Harris* did not file suit until after the EEOC had issued a decision finding that the federal agency had substantially complied with its settlement agreement. The *Munoz* court concluded that "a claimant meeting the requirements of 29 C.F.R. part 1614 is authorized to file a civil action in federal district court claiming a breach of a settlement agreement." 557 F. Supp.2d at 1160. "Specifically, Subpart D of 29 C.F.R. part 1614 provides that a claimant can (1) 'appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with § 1614.504,' 29 C.F.R. § 1614.401(e); (2) receive a 'final decision' by the Office of Federal Operations on behalf of the EEOC, 29 C.F.R. § 1614.405; and (3) file a civil action within 90 days of receiving this final decision. 29 C.F.R. § 1614.407(c)." *Id.* A civil action may also be filed after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission. 29 C.F.R. § 1614.407(d). "Reading these regulations together to allow an appeal of a breach of settlement agreement from the EEOC to the district court, however, would sanction an end-run around the limits of the Title VII, which waives sovereign immunity only after the exhaustion of administrative remedies on an initial 'complaint of discrimination.' 42 U.S.C. § 2000e-16(c)-(d)." *Berry,* 587 F.Supp.2d at 728.

After carefully reviewing the competing authorities, I am persuaded by the reasoning of the Fourth and Tenth Circuits and conclude that this court lacks subject matter jurisdiction to enforce the EEOC settlement agreement. As explained by the Tenth Circuit in *Lindstrom*:

> Under 29 C.F.R. § 1614.504(a), a federal sector employee-complainant is limited in his remedies when he alleges a breach of a Title VII agreement by a government agency.
>
> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.[3]
>
> *Id.* Clearly, this regulation does not permit Mr. Lindstrom to sue in federal court to enforce his settlement agreement. . . .
>
> . . .

---

[3] "If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision. The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination." 29 C.F.R. § 1614.504(b). "If the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(c).

The Fourth Circuit recently considered a similar situation and arrived at the same conclusion. *Frahm v. United States*, 492 F.3d 258 (4th Cir. 2007). In that case, the complainant, a former employee of the Internal Revenue Service ("IRS"), brought suit to enforce a settlement agreement she reached with the IRS pursuant to Title VII while she was employed. *Id.* at 260. The court held that "[b]ecause neither the settlement agreement nor a statute allow Miss Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed." *Id.* at 262. Additionally, the court held that she could not sue because she had not followed the explicit requirements of 29 C.F.R. 1614.504(a). *See id.* at 262-63. The court concluded that 29 C.F.R. 1614.504(a) only permits a federal employee-complainant to elect one of two options—either request specific performance or reinstatement of the complaint—and that no other options are available. *See id.* at 263. Congress did not consent to being sued by federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter jurisdiction over the suit. *See id.* at 262-63.

Mr. Lindstrom's argument that to allow his suit would "be consistent with congressional intent" is unpersuasive. . . . Mr. Lindstrom argues that "federal jurisdiction is necessary to further Congress' goal of conciliation and voluntary compliance with Title VII," and urges us to follow an unpublished district court decision from this circuit and various other district court decisions from other circuits.[4] . . . We decline to do so because Congress has already indicated when and how it will permit suit. "Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. § 2000e-16(d). However, this statutory waiver does not expressly extend to monetary claims [or claims for specific performance] against the government for breach of a settlement agreement that resolves a Title VII dispute." *Frahm*, 492 F.3d at 262. Congress, aided by the

---

[4] *Taylor v. Runyon*, No. Civ. A. 90-2410-KHV, 2004 WL 303206, at *2 (D.Kan. Feb. 4, 2004)); *Howell v. Dep't of the Army*, 975 F.Supp. 1293, 1303-04 (M.D.Ala. 1997).

6

>EEOC through regulation, has foreclosed Mr. Lindstrom's suit to enforce his settlement agreement with the Department.

510 F.3d at 1194-95 (footnote omitted). Because subject matter jurisdiction is lacking, it is not necessary to consider the agency's other arguments concerning count 2 of Gerdes' complaint.

### *Count 3 – Section 1981*

For the third count of his complaint Gerdes alleges that "Defendant's actions constitute intentional discrimination and retaliation against Plaintiff in violation of 42 USC §1981(a)." (Filing no. 1, p. 5, ¶ 28.) This count must be dismissed because "[t]he statute that effectively waives the sovereign immunity of the United States for Title VII claims, 42 U.S.C. § 2000e-16, 'provides the exclusive judicial remedy for claims of discrimination in federal employment.'" *Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001) (quoting *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). Furthermore, § 1981 "protects individuals only from discrimination carried out *under color of state, not federal, law*. Indeed, in 1991, Congress amended § 1981 to include the stipulation that '[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.' 42 U.S.C. § 1981(c). Since this amendment, the weight of judicial authority, has held that § 1981 does not protect against alleged discrimination under color of federal law." *Logan v. Chertoff*, No. 4:07-CV-1948 CAS, 2008 WL 922329, at *2 n. 3 (E.D.Mo. Apr. 2, 2008) (citing cases) (emphasis in original).

### *Count 4 – Equal Protection*

Gerdes alleges for the fourth count of his complaint that "Defendants [sic] have violated Plaintiff's rights under the Equal Protection Clause, since he has been intentionally treated differently from others similarly situated, and there is no rational basis for the difference in treatment." (Filing no. 1, p. 5, ¶ 30.) The agency correctly

7

notes that the Equal Protection Clause applies only to the States, but this pleading defect is not fatal to the claim if the complaint is liberally construed. "Although the Fifth Amendment, unlike the Fourteenth, does not contain an equal protection clause, it does contain an equal protection component." *Wayte v. United States*, 470 U.S. 598, 610 n. 9 (1985) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)). "[The Supreme Court's] approach to Fifth Amendment equal protection claims has . . . been precisely the same as to equal protection claims under the Fourteenth Amendment." *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee,* 483 U.S. 522, 543 n. 21 (1987) (quoting *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638, n. 2 (1975)). Again, however, Gerdes' exclusive remedy for an employment discrimination claim is provided by Title VII. I have also held in a similar case that "the comprehensive remedial scheme of the [Civil Service Reform Act] preempts *Bivens*[5] remedies for injuries arising from personnel actions governed by the CSRA." *Coatney v. U.S. Citizenship and Immigration*, No. 4:07CV3167, 2008 WL 650320, at *7 (D.Neb. Mar. 5, 2008) (citing *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). Finally, in his brief Gerdes "CONCEDES THAT HIS FOURTH CAUSE OF ACTION IS NOW MOOT" following the Supreme Court's holding in *Engquist v. Oregon Dept. of Agriculture,* 128 S.Ct. 2146 (2008), that a "class-of-one" equal protection claim is not cognizable in context of public employment. (Filing no. 17, p. 8.)

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing no. 15) is granted, as follows:

1. Count 2 of the plaintiff's complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

---

[5] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a direct cause of action for violations of the Constitution by federal officials).

      2.     Counts 3 and 4 of the plaintiff's complaint are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

      3.     The action will proceed only on count 1 of the plaintiff's complaint.

July 24, 2009.                         BY THE COURT:

                                                  *Richard G. Kopf*
                                                  United States District Judge